1

2

3

4

5

6

7

8

9            IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11   JOHN A. H. EDSALL, SR.,

12           Petitioner,              No. 2:08-cv-1182-JFM (HC)

13       vs.

14   J. MARSHALL, Warden, et al.,

15           Respondents.            ORDER[1]

16   _____/

17           Petitioner is a state prisoner proceeding pro se with an application for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court on respondents'

19   motion to dismiss this action as barred by the statute of limitations.[2]

20   _____

21       [1]   Both parties consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c).
     (Docket No. 9; Docket No. 16.)

22

23       [2]   Respondents' motion was filed on November 10, 2008.  On November 12, 2008, the
     parties were served a notice setting a briefing schedule for the motion, pursuant to which
24   petitioner's opposition was due twenty-one days after the date of the notice.  On December 8,
     2008, petitioner filed a request for an extension of time to file an opposition to the motion.  By
25   order filed December 16, 2008, petitioner's request was granted and petitioner was granted a
     thirty day extension of time to file and serve his opposition.  The thirty day period has passed and
26   petitioner has neither filed an opposition nor responded further in any way to respondents'
     motion.

                                              1

Section 2244(d)(1) of Title 28 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."  Evans v. Chavis, 546 U.S. 189, 191 (2006)(emphasis in original).

In California, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.' " . . . .  Thus, in California, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the one-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court."

Waldrip v. Hall, 548 F.3d 729, 734 (quoting Evans, at 192-93 and 193).  "An unexplained delay of six months between the denial by one California state court and a new filing in a higher

2

1  California court" is "too long to permit tolling of the federal limitations period on the ground that

2  state court proceedings were 'pending.'" Id. at 735.

3           For purposes of the statute of limitations analysis, the relevant chronology of this

4  case is as follows:

5           1.  On August 29, 2000, petitioner was sentenced to seventeen years in prison

6  following his conviction on charges of first degree burglary and receiving stolen property.

7           2.  On November 28, 2001, petitioner's conviction was affirmed on direct appeal

8  by the California Court of Appeal for the Third Appellate District.

9           3.  On February 13, 2002, the California Supreme Court denied petitioner's

10  petition for review.

11           4.  On May 6, 2002, a petition signed by petitioner on April 9, 2002 was filed a

12  petition for writ of habeas corpus in the Sacramento County Superior Court.  See Lodged

13  Document 7, lodged November 18, 2008.[3]  That petition contained the claims identified as

14  Claims I, II, III, V-A, VII-A, VII-B, VIII and IX in petitioner's federal habeas corpus petition.[4]

15  Id.  On May 28, 2002, the Sacramento County Superior Court denied the petition.

16           5.  On August 12, 2002, petitioner filed a petition for writ of habeas corpus in the

17  California Court of Appeals for the Third Appellate District.  That petition contained the claims

18  identified as Claims I, II, III, V-A, VII-A, VII-B, VIII, IX and X of petitioner's federal habeas

19  corpus petition.  See Lodged Document 11.

20           6.  On May 15, 2003, the California Court of Appeal for the Third Appellate

21  District issued an order to show cause returnable in the Sacramento County Superior Court.  See

22  Lodged Document 12.

23

24      [3]  All documents referred to as lodged documents in this order were lodged by respondents on November 18, 2008.

25      [4]  This action is proceeding on petitioner's amended petition, filed June 19, 2008.  The

26  petition was amended to name the proper respondent.  See Order filed June 4, 2008.  The claims raised in the amended petition are the same as those raised in the original petition.

1          7.  On June 18, 2003, the Sacramento County Superior Court ordered the matter

2    filed as a new case in that court.  See Lodged Document 13.

3          8.  On October 4 and 5, 2004, the Sacramento County Superior Court held an

4    evidentiary hearing on the petition filed in August 2002 in the state court of appeal.  At the

5    conclusion of the hearing, the court made an oral ruling denying the petition.  See Lodged

6    Document 14 at 252-254.

7          9.  On March 16, 2005, petitioner delivered to prison officials for mailing a

8    petition for writ of habeas corpus directed to the Sacramento County Superior Court raising the

9    claim raised as Claim XIV in the federal petition.  See Lodged Document 16.  The petition was

10   filed in that court on March 24, 2005.  Id.  On April 28, 2005, the superior court denied the

11   petition.  See Lodged Document 17.

12         10.  On October 19, 2005, petitioner filed a petition for writ of habeas corpus in

13   the California Court of Appeal for the Third Appellate District.  See Lodged Document 18.  That

14   petition contained all of the claims raised in petitioner's August 2002 habeas corpus petition and

15   the claims raised as Claims IV, V-B, VI, XI, XII, XIII, XIV, and XV of the federal petition.  Id.

16   By order filed November 23, 2005, the state court of appeal denied the petition due to

17   petitioner's failure "either to provide this court with documents related to the October 4 and 5,

18   2004 hearing on his habeas petition in the superior court . . . or to explain why some or all of

19   those documents are not reasonably available to him."  Lodged Document 19.

20         11.  On October 7, 2006, petitioner delivered to prison officials for mailing a

21   supplemental petition for writ of habeas corpus with exhibits attached.  See Lodged Document

22   20.  The petition was filed in the state court of appeal on October 11, 2006 and denied on

23   November 16, 2006.  See Lodged Documents 20 and 21.

24         12.  On January 24, 2007, petitioner delivered to prison officials for mailing a

25   petition for writ of habeas corpus directed to the California Supreme Court.  See Lodged

26   Document 22.  The petition was filed in the state supreme court on January 29, 2007.  Although

1  it appears from the docket in the California Supreme Court that petitioner submitted exhibits

2  with that petition, see Lodged Document 23, the exhibits are not part of the record before this

3  court.  On August 8, 2007, the California Supreme Court denied that petition.

4  13.  In February 2007, petitioner filed a petition for writ of habeas corpus in the

5  Sacramento County Superior Court raising the issues presented by Claim XVII of the federal

6  petition.  See Lodged Document 24.  On April 19, 2007, the superior court denied the petition.

7  See Lodged Document 25.

8  14.  In March 2007, petitioner filed another petition for writ of habeas corpus in

9  the Sacramento Superior Court raising the issues presented by Claim XIV of the federal petition.

10  See Lodged Document 26.  Petitioner sought collateral review of that claim at each subsequent

11  level of the state court system.  See Lodged Documents 28-30.   His final petition was denied by

12  the California Supreme Court on April 16, 2008.  See Lodged Document 31.

13  15.  On or about May 26, 2008, petitioner filed the instant action.[5]

14  Petitioner's conviction became final on or about May 14, 2002, ninety days after

15  the California Supreme Court denied petitioner's petition for review.  See Bowen v. Roe, 188

16  F.3d 1157, 1159-60 (9th Cir. 1999).  The federal limitation period started to run the next day, on

17  May 15, 2002.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

18  At the time the limitation period commenced, petitioner had a petition for writ of

19  habeas corpus pending in the state superior court.   That petition was denied on June 28, 2002,

20  and petitioner filed a new petition in the state court of appeal approximately six weeks later.  The

21  latter petition was referred back to the superior court and denied on October 5, 2004, after an

22  evidentiary hearing.  The limitation period was during the pendency of these two petitions, as

23

24  [5]  The action was opened on May 29, 2008, and petitioner's original petition was filed on
    that date.  The petition is dated May 26, 2008, and it appears from the declaration of service
25  appended to the petition that is the date on which the petition was delivered to prison officials for
    mailing.  May 26, 2008 is therefore deemed the filing date for the instant action.  See Houston v.
26  Lack, 487 U.S. 266 (1988).

1  well as the interval between them.  See Carey v. Saffold, 536 U.S. 214 (2002).  Petitioner did not

2  proceed to the California Supreme Court with these or any other claims until January 24, 2007[6],

3  more than twenty-seven months after the decision of the state superior court.  The reason for that

4  delay is unexplained.  Accordingly, under the rule announced in Evans v. Chavis, supra, except

5  as discussed below the limitation period was not tolled during the interval between October 5,

6  2004 and January 24, 2007.

7          The statute of limitations therefore commenced to run on October 6, 2004.  It ran

8  for one hundred sixty days, until March 16, 2005, when petitioner filed a new state habeas corpus

9  petition.  Within six months of the denial of that petition, petitioner filed another petition in the

10  state court of appeal, which was denied on November 23, 2005.  The limitation period was tolled

11  from March 16, 2005 until November 23, 2005.  Following the November 23, 2005 decision,

12  petitioner did not file another state petition for more than ten months.  Under the rule announced

13  in Evans v. Chavis, supra, petitioner is not entitled to statutory tolling for any part of that ten

14  month period.

15          On November 23, 2005, petitioner had two hundred five days remaining in the

16  limitation period.  The limitation period expired on or about June 16, 2006, before petitioner

17  filed any further state habeas corpus petitions.[7]  This action is therefore barred by the statute of

18  limitations and respondents' motion to dismiss should be granted.

19          For all of the foregoing reasons, IT IS HEREBY ORDERED that:

20          1.  Respondents' November 10, 2008 motion to dismiss is granted; and

21

22          [6]  As noted above, the record before the court does not show what claims were presented
    to the California Supreme Court in the petition filed in that court in January 2007.  It appears that
23  the petition contained ten claims, see Lodged Document 22, at 3-4.

24          [7]  The round of state habeas petitions commenced by petitioner in March 2007 were
    predicated on the decision of the United States Supreme Court in Cunningham v. California, 549
25  U.S. 624 (2007).  The Cunningham case did not announce a "new rule", see Butler v. Curry, 528
    F.3d 624, 628 (9th Cir. 2008), and therefore did not start a new period of limitation under 28
26  U.S.C. § 2244(d)(1)(C).

1          2.  This action is dismissed as barred by the statute of limitations.

2    DATED:  January 28, 2009.

3

4                                                      _____
                                                         UNITED STATES MAGISTRATE JUDGE
5

6    12;001
     edsa1182.157r
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26