IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN A. H. EDSALL, SR.,

      Petitioner,              No. 2:08-cv-1182 JFM (HC)

   vs.

J. MARSHALL, Warden, et al.,

      Respondents.           ORDER
_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is proceeding before the undersigned, a United States Magistrate Judge, with the consent of the parties pursuant to 28 U.S.C. § 636(c). This matter is before the court on petitioner's second motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Respondents have not opposed the motion.

        By this action, petitioner challenges a state court criminal conviction that he suffered in August 2000. The conviction became final, for purposes of the federal statute of limitations, in May 2002, ninety days after the California Supreme Court denied petitioner's petition for review. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). This action was not filed until May 2008, six years after petitioner's conviction became final.

/////

1

In November 2008, respondents moved to dismiss this action as time-barred. Although he received an extension of time, petitioner did not timely file an opposition to the motion and on January 29, 2009, this court granted the motion on the merits. Judgment was entered on the same day. Although petitioner filed numerous motions, including both the instant and the previous motions for relief from judgment, several of which were voluminous, he did not file a proposed opposition to the motion to dismiss until October 2009, eleven months after the motion to dismiss was filed and seven and one half years after his conviction became final. He now seeks relief from the judgment and consideration of his proposed opposition to respondents' motion.[1]

The instant motion was also filed on August 21, 2009. As with petitioner's first motion for relief from judgment, the instant motion was not accompanied by a proposed opposition to respondents' motion to dismiss when it was filed; petitioner did not file a proposed opposition until October 7, 2009. In relevant part, the proposed opposition raises contentions concerning possible application of the doctrine of equitable tolling to several periods of delay that occurred between the time petitioner's conviction became final and the instant action was filed.

Rule 60(b)(1) provides that a court may, "[o]n motion and just terms", relieve a party from a final judgment on the grounds of, inter alia, excusable neglect. Fed. R. Civ. P.

/////

/////

---

[1] This is petitioner's second motion for relief from judgment. His first motion was filed on February 24, 2009. That motion was denied on July 29, 2009 due to petitioner's failure to show cause why his action should not have been dismissed as time-barred. On August 21, 2009, this court issued an order denying a third request by petitioner for extension of time to show cause why the action should not have been dismissed as time-barred. The August 21, 2009 order specifically provided that the July 29, 2009 order would not be set aside, but that petitioner was not precluded by the August 21, 2009 order "from filing a new, properly supported, motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) within the time provided by said rule." Order filed August 21, 2009 at 2.

60(b)(1).² A motion under Rule 60(b)(1) must be filed within one year from the entry of judgment. Fed. R. Civ. P. 60(c)(1).

> Excusable neglect [under Rule 60(b)(1)] "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), and includes "omissions caused by carelessness," id. at 388, 113 S.Ct. 1489. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395, 113 S.Ct. 1489.

Lemoge v. U.S., 587 F.3d 1188, 1192 (9th Cir. 2009). As a general rule,

> [t]o determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman [v. U.S. Postal Service], 231 F.3d [1220] at 1223-24 [(9th Cir. 2000] (citing Pioneer, 507 U.S. at 395, 113 S.Ct. 1489).

Id. (citing Briones v. Riviera Hotel & Casino, 116 F.3d 379 (9th Cir. 1997).

After review of the record in this action, this court finds that petitioner has not shown excusable neglect for his failure to timely file an opposition to respondents' motion to dismiss. As noted above, respondents' motion was filed in November 2008, and petitioner did not submit a proposed opposition until October 2009. In his proposed opposition, petitioner raises a defense of equitable tolling that would require examination of events that are now more than five years old, and there is a danger of prejudice to respondents from the delay in raising this defense. In addition, the eleven month delay in filing an opposition to respondents' motion to dismiss would, if countenanced, only exacerbate the underlying delay in commencing the instant action, which was commenced eight years after petitioner was convicted and six years after his conviction became final for purposes of the federal statute of limitations. Petitioner has tendered several reasons for the delay in filing his opposition, including difficulties in obtaining copies of

---

² This provision of Rule 60(b)(1) is the only provision that is relevant to the matter at bar.

3

the opposition[3] and difficulties locating specific documents to include as exhibits, but the reasons are insufficient to excuse the extended delay. With respect to the fourth factor, the court is not prepared to find that petitioner has acted in bad faith in connection with the delay at issue on this motion. However, an absence of bad faith does not, without more, support a finding of excusable neglect.

According, for all of the foregoing reasons, IT IS HEREBY ORDERED that petitioner's August 21, 2009 motion for relief from judgment is denied.

DATED: February 1, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
edsa1182.60bsec

---

[3] With exhibits, the opposition totals 248 pages.

4